IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Christopher A. Wills,                    )
    Plaintiff,                       )
                             )
v.                                       )          1:11cv1317 (LMB/JFA)
                             )
Charles P. Rosenberg, et al.,            )
    Defendants.                      )

MEMORANDUM OPINION AND ORDER

Christopher A. Wills, a federal inmate proceeding pro se, has filed a civil rights action,

pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that the defendants violated several of his

constitutional rights when they presented false statements and fabricated evidence during

plaintiff's prosecution. By Order dated December 13, 2011, the Court directed plaintiff to show

cause as to why his complaint should not be dismissed as barred by the applicable two-year

statute of limitations. Plaintiff filed a response to the Order on December 19, 2011.[1] After

reviewing plaintiff's response, this complaint must be dismissed as time-barred.

## I. Background

Plaintiff was indicted in the United States District Court for the Eastern District of

Virginia and charged with interstate kidnapping resulting in death. Following a trial, petitioner

was found guilty of that offense and sentenced to life in prison. The United States Court of

Appeals affirmed plaintiff's conviction and sentence. United States v. Wills, 346 F.3d 476 (4th

---

[1] A pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered
to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir.
1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, it is unclear when plaintiff
delivered his response to prison officials; however, the response is dated December 19, 2011.
See ECF No. 65. Therefore, in this case, the response will be deemed filed on December 19,
2011.

Cir. 2003).  The Supreme Court of the United States denied plaintiff's petition for certiorari on

June 28, 2004.  Wills v. United States, 542 U.S. 939 (2004).  Plaintiff then filed a 28 U.S.C. §

2255 motion to vacate and a § 2241 petition for writ of habeas corpus, both of which were

denied.  See Wills v. United States, No. 1:05cv775 (E.D. Va. Mar. 16, 2006) appeal dismissed,

224 Fed. Appx. 240, 2007 WL 1180303 (4th Cir. Apr. 20, 2007); see also Wills v. United States,

No. 3:09cv468 (M.D. Pa.) aff'd, No. 09-4217, 2010 WL 176380 (3d Cir. Jan. 20, 2010).

After being denied relief at the appellate and post-conviction stages, plaintiff filed the

instant complaint on December 31, 2009, in the District Court for the District of Columbia.

Plaintiff alleges that the defendants violated several of his constitutional rights by presenting

false statements and fabricating evidence during the empaneling of plaintiff's grand jury and the

course of his trial.  Specifically, plaintiff alleges that between July 14, 1999 and November 11,

1999, defendants Fahey, Rosenberg, Stephenson, Stone, and Lundberg presented fabricated

evidence to a grand jury to secure plaintiff's arrest.  Compl. at 7-8, ECF No. 1.  According to

plaintiff, defendants offered "false, altered and edited audio, documentary, ear, and eyewitness

material and statements to the grand jury."  Id. at  8.  Additionally, defendant Stephenson

allegedly attempted to secure untruthful statements from plaintiff's niece sometime between July

1999 and November 1999.  Id. at 11.  Plaintiff also alleges that several witnesses, including

defendants Johnson, Asib, Hamad, Black, and Simmons, testified falsely before the grand jury

and at plaintiff's trial.  Id. at 10, 12-14.

Plaintiff alleges that these actions constituted a conspiracy to deprive plaintiff of his

constitutional rights under the Fourth and Fifth Amendments.  Id. at 3.  According to plaintiff the

conspiracy has been ongoing from "November 1997 through the filing of this instant complaint."

Id.  As relief plaintiff seeks compensatory damages, a court order requiring defendants to

preserve certain DNA evidence, and a declaration by the defendants that they submitted false, altered, or fabricated information during plaintiff's prosecution. Id. at 17-18.

## II. Procedural History

As noted above, the complaint was originally filed in the District Court for the District of Columbia. On September 7, 2010, the District Court for the District of Columbia granted defendants' Motion to Dismiss on the basis of improper venue because a "substantial part of the events" alleged by the plaintiff occurred in the Eastern District of Virginia. See 28 U.S.C. § 1391(b); see also Sept. 7, 2010 Mem. Order at 2-3; ECF No. 48. Rather than dismissing the action, the District Court for the District of Columbia exercised its discretion to transfer the action to this Court. See Sept. 7, 2010 Mem Order at 2-3; ECF No. 48.

On September 16, 2010, plaintiff filed a Motion for Reconsideration of the Memorandum Order transferring the action to this Court. ECF No. 49. Alternatively, plaintiff requested that the District Court of the District of Columbia delay the transfer and grant him permission to proceed in forma pauperis in an appeal contesting the September 7, 2010 transfer order. Plaintiff's Motion for Reconsideration was denied on September 30, 2011. See Sept. 30, 2011 Mem. Op.; ECF No. 49. Plaintiff's alternative request to proceed in forma pauperis on appeal was also denied because plaintiff "failed to provide any information in the form of an affidavit that would allow the court to determine" whether he qualified for in forma pauperis status. Id. at n.2. However, the district court ordered the Clerk of the Court to delay the transfer of the case for thirty days to allow plaintiff to file a proper in forma pauperis request and a subsequent appeal. Id. On November 2, 2011, the district court granted plaintiff an additional thirty days in which to file a proper in forma pauperis application because the September 30, 2011 Order was sent to an incorrect address.

3

As of December 5, 2011, plaintiff had not filed a proper in forma pauperis application or noted an appeal in the District Court for the District of Columbia.[2] Therefore, the action was transferred to this Court on December 6, 2011. In an Order dated December 13, 2011, the Court concluded that plaintiff's cause of action accrued at the conclusion of his trial in 2001, and was therefore barred by the applicable two-year statute of limitations. Thus, the Court directed plaintiff to show cause as to why his complaint should not be dismissed as time-barred. On December 19, 2011, plaintiff filed a response to that Order.

### III. Analysis

A. The Complaint is Barred by the Applicable Statute of Limitations

There is no federal statute of limitations for § 1983 claims or Bivens claims, therefore the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983), cert denied 464 U.S. 916 (1983). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion).

Although the limitations period is borrowed from state law, the question of when a cause of action accrues remains one of federal law. Under federal law, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will

---

[2] In his response to this Court's December 13, 2011 Order, plaintiff states that he filed a Notice of Appeal with the Clerk's Office for the District Court of the District of Columbia on December 1, 2011. Plt's Resp. at 2; ECF No. 65. This statement appears to be without merit, as a review of the docket in this case, as well as a review of PACER has no record of plaintiff filing a notice of appeal.

reveal his cause of action." Reinbold v. Evers, 187 F.3d. 348, 359 (4th Cir. 1999) (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)).

Plaintiff first argues that this action is not barred by the applicable two year statute of limitations because his complaint alleges a "continuing" civil rights conspiracy. Plt's Resp. at 3, ECF No. 65. Because of the continuing nature of the alleged civil rights conspiracy, plaintiff asserts that his cause of action did not accrue in 2001. Furthermore, plaintiff contends that "issues of fact preclude a determination of when the statute of limitations began to run for . . . [the] civil conspiracy claims." Id.

However, plaintiff's argument overlooks the fact that it is well settled in this circuit that litigants "have a weighty burden to establish a civil rights conspiracy." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). In order to state a claim of a civil rights conspiracy, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 127 S. Ct. 1955, 1974 (2007). This requires "a plausible suggestion of conspiracy." Id. at 1971. Thus, a plaintiff seeking to state a claim of conspiracy must plead facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Hinkle, 81 F.3d at 421. While such evidence may be circumstantial, it must be probative; if the existence of a conspiracy can be found only through speculation and inference, the claim will be dismissed. Id. at 423. Thus, a plaintiff alleging unlawful intent in a § 1983 conspiracy claim must plead the specific facts of the conspiracy in a non-conclusory fashion. Harris v. City of Virginia Beach, 11 Fed. Appx. 212, 215  (4th Cir. 2001), citing Gooden v. Howard County, Maryland, 954 F.2d 960, 969-70 (4th Cir. 1992).

Here, plaintiff's conclusory allegations of an "ongoing" conspiracy fail to meet this pleading standard. Assuming arguendo that plaintiff's allegations are sufficient to establish a conspiracy at the time of his prosecution, the complaint is completely devoid of any specific allegations explaining how the defendants continued to engage in a conspiracy after the conclusion of plaintiff's trial in 2001. Plaintiff's vague and speculative allegation of an "ongoing" conspiracy, without any supporting or specific facts, is insufficient to establish a continuing conspiracy. Thus, any cause of action plaintiff may have had on the basis of a civil rights conspiracy accrued in 2001, because at that time he "possesse[d] sufficient facts about the harm done to him that reasonable inquiry [would] reveal his cause of action." Reinbold v. Evers, 187 F.3d. 348, 359 (4th Cir. 1999) (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). As such, plaintiff was required to file this civil action by 2003. Because he did not file it until December 2009, the action is barred by the applicable two year statute of limitations.[3]

Plaintiff's second argument regarding the statute of limitations does not change this outcome. Plaintiff argues that because the state defendants[4] did not raise the statute of limitations in a 12(b)(6) motion to dismiss they have waived the right to do so and are "barred from . . . benefitting from any favorable ruling on limitations." Plt's Resp. at 3; ECF No. 65. However, a waivable affirmative defense that has not been raised by a party, like the limitations defense here, can provide the basis for dismissal if the defense is clear from the face of the complaint. Nasim v. Warden, 64 F.3d 951, 956 (4th Cir. 1995) (upholding district court's

---

[3] As discussed in the Background Section, plaintiff unsuccessfully appealed his conviction and sentence and thereafter filed a Motion under 28 U.S.C. § 2255, which was dismissed on March 16, 2006. The Fourth Circuit denied a Certificate of Appealability on June 13, 2007. Even if the 2007 date were used as the date plaintiff's cause of action accrued, this civil action was filed too late.

[4] Based on the previous pleadings in this case it appears the state defendants include Nathaniel Mcfadden, Reginald A. Johnson, Mr. Hamed, and Mr. Asib.

dismissal of <u>pro se</u> prisoner's claim when it was apparent on the face of the complaint that it was filed four years after the district court determined the cause of action accrued).

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE as barred by the applicable statute of limitations.

This is a Final Order for purposes of appeal.  To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order.  <u>See</u> Fed. R. App. P. 4(a).  A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff and to counsel of record for the defendants and to close this civil action.

Entered this ___13___ day of ___January___ 2012.

/s/

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

7